1  BENJAMIN B. WAGNER
   United States Attorney
2  MICHELE L. THIELHORN
   JEREMY R. JEHANGIRI
3  Assistant U.S. Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5  Facsimile: (559) 497-4099

6  Attorneys for the
     United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CASE NO.: 1:11-CR-00406 LJO |
|---|---|
| Plaintiff, | ) **STIPULATION AND PROTECTIVE ORDER BETWEEN THE UNITED STATES AND DEFENDANT JOHN MARCUS DESENBERG** |
| v. | ) |
| JOHN MARCUS DESENBERG | ) |
| Defendant. | ) |

WHEREAS, the discovery in this case is voluminous and contains a large amount of personal information including, but not limited to social security numbers, dates of birth, email addresses, telephone numbers, residential addresses, and bank account numbers ("Protected Information"); and

WHEREAS, the parties desire to avoid both the necessity of large scale redactions and the unauthorized disclosure or dissemination of this information to anyone not a party to the court proceedings in this matter;

The parties agree that entry of a stipulated protective order is appropriate.

THEREFORE, defendant JOHN MARCUS DESENBERG, by and through his counsel of record Eric Kersten and Peggy Sasso ("Desenberg Defense Counsel"), and plaintiff United States of America, by and through its counsel of record, hereby agree and stipulate as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery (hereafter, collectively known as "the discovery") provided to or made available to Desenberg Defense Counsel by the United States in this case.

3. By signing this Stipulation and Protective Order, Defense Counsel agrees not to share any documents that contain Protected Information with anyone other than case co-counsel (if any) and designated defense investigators and support staff. Defense Counsel may permit the defendant to view unredacted documents in the presence of his attorney, defense investigators and support staff. The parties agree that Defense Counsel, defense investigators and support staff shall not allow the defendant to copy Protected Information contained in the discovery. The parties agree that Defense Counsel, defense investigators, and support staff may provide the defendant with copies of documents from which Protected Information has been redacted.

4. The discovery and information therein may be used only in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. At the conclusion of the case, Defense Counsel will return the discovery to the Government or will certify that it has been shredded.

5.  Defense Counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

6.  Defense Counsel shall be responsible for advising the defendant, employees, and other members of the defense teams, and defense witnesses of the contents of this Stipulation/Order.

7.  In the event that the defendant substitutes counsel, undersigned Defense Counsel agrees to withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

IT IS SO STIPULATED.

Dated: December 13, 2011          BENJAMIN B. WAGNER
                                  United States Attorney

                             By: /s/ Michele Thielhorn
                                  MICHELE L. THIELHORN
                                  JEREMY R. JEHANGIRI
                                  Assistant U.S. Attorneys

Dated: December 14, 2011          /s/ Peggy Sasso
                                  ERIC KERSTEN
                                  PEGGY SASSO
                                  Attorneys for Defendant
                                  JOHN MARCUS DESENBERG

ORDER

It is so found that good cause exists, on the basis of their being a limited amount of resources to handle any wholesale redaction. That said, should there be a formal request from anyone requesting certain discovery, the Court will revisit the sealing order.

IT IS SO ORDERED.

**Dated:   December 15, 2011**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE